**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DANIEL KELLEY,**                                            **PETITIONER**

**v.**                                                 **No. 3:05CV62-D-A**

**LARRY GREER, ET AL.**                                      **RESPONDENTS**

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the *pro se* petition of Mississippi state prisoner Daniel Kelley (# 62563) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petition has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and housed at the East Mississippi Correctional Facility in Meridian, Mississippi. He pled guilty to one count of statutory rape in the First Judicial District of the Circuit Court of Yalobusha County, Mississippi and was sentenced to serve seventeen years imprisonment in the custody of the Mississippi Department of Corrections, with ten years post-release supervision, five years of reporting and five of non-reporting supervision. State Court Clerk's Papers (C.P.), p. 132.

On March 31, 2003, the petitioner filed a "Motion For Post-Conviction Collateral Relief" in the circuit court, assigning as error the following (as stated by the petitioner):

    A.      Due Process of Law

    B.      Improper Indictment

    C.      Ineffective Assistance of Counsel

      D.      Involuntary Guilty Plea

      E.      Sentence Exceeds Maximum Authorized by Law

      F.      Newly Discovered Evidence

      G.      Equal Protection

      H.      Statute Under Which Conviction and/or Sentence Was
                     Obtained Is Unconstitutional

State Court Clerk's Papers (C.P.), pp. 6-105.

On October 10, 2003, the Yalobusha County Circuit Court denied Kelley's post-conviction motion. C.P., pp. 106-111. The petitioner appealed the circuit court's denial of his post-conviction motion to the Mississippi Court of Appeals, assigning as error the following (as stated by the petitioner):

      A.      Whether the trial court erred in assuming jurisdiction over Kelley
                     following an unlawful extraterritorial arrest?

      B.      Whether counsel rendered ineffective assistance by failing to recognize the
                     unlawfulness of Kelley's arrest and extradition and by failing to file
                     motions challenging the court's jurisdiction?

      C.      Whether the indictment is improper where it charges Kelley as a section
                     99-19-81 habitual offender?

      D.      Whether the indictment is improper where it charges Kelley as a section
                     97-3-65(2)(b) second offender?

      E.      Whether counsel rendered ineffective assistance by failing to inform
                     Kelley of possible due process bar to prosecution?

      F.      Whether counsel rendered ineffective assistance by failing to recognize
                     that 1 of Kelley's 2 offenses does not satisfy the requirements governing
                     imposition of section 99-19-81 nor section 97-3-65(2)(b)?

      G.      Whether counsel rendered ineffective assistance by failing to advise Kelley
                     of possible defenses and by failing to prepare any type of defense?

-2-

H.     Whether counsel rendered ineffective assistance by failing to object to the admissibility of statements made by the victim on grounds of involuntariness?

I.     Whether counsel rendered ineffective assistance by failing to be present during the drawing of saliva sample for D.N.A. testing?

J.     Whether counsel rendered ineffective assistance by failing to object to the admissibility of expert's testimony concerning the results of D.N.A. test?

K.     Whether Kelley was denied due process by trial courts' failure to conduct pre-trial hearing to determine the admissibility of D.N.A. test results?

L.     Whether counsel rendered ineffective assistance by failing to request from the prosecution items of documentary evidence concerning testing of D.N.A. samples?

M.     Whether counsel rendered ineffective assistance by failing to investigate the self-interest of company performing D.N.A. testing?

N.     Whether Kelley was denied due process by the prosecutions failure to disclose name of the initial suspect?

O.     Whether Kelley was denied due process by the prosecutions failure to disclose impeachment evidence?

P.     Whether counsel rendered ineffective assistance by failing to investigate allegations against Kelley and by failing to interview witnesses?

Q.     Whether counsel rendered ineffective assistance by failing to make a strong effort to obtain a more favorable plea recommendation?

R.     Whether counsel rendered ineffective assistance of counsel by failing to request mental examination for victim to determine credibility or competency?

S.     Whether counsel rendered ineffective assistance by failing to inform Kelley of the correct maximum sentence possible under section 99-19-81?

T.     Whether counsel rendered ineffective assistance by attempting to place on Kelley the burden of proving insanity at the time of offense?

U.      Whether counsel rendered ineffective assistance by erroneously advising Kelley that prosecutor could seek second offender enhancement of sentence under section 97-3-65(2)(b)?

V.      Whether counsel rendered ineffective assistance by failing to offer Kelley advice as to accept or decline state's plea offer?

X.      Whether counsel rendered ineffective assistance by operating under conflictive interests?

Y.      Whether Kelley's guilty plea was made knowingly and voluntarily (A), (B), (C)?

Z.      Whether the habitual offender statute section 99-19-81 violates Kelley's equal protection and due process rights?

AA.     Whether Kelley's sentence exceeds the maximum authorized by law?

BB.     Whether Kelley was denied due process by the trial court relying upon a prior foreign felony conviction to impose section 99-19-81 status, where that prior foreign felony conviction does not satisfy requirements governing imposition of section 99-19-81?

CC.     Whether Kelley was denied due process by the trial court's refusal to order a new trial on the basis of a recantation by the prosecuting witness, or to hold an evidentiary hearing to determine the credibility of the recantation?

DD.     Whether the trial court abused its discretion by failing to order an evidentiary hearing to examine Kelley's cumulative claims of ineffective assistance?

EE.     Whether the statute under which the conviction was obtained violates due process?

On April 19, 2005, the Mississippi Court of Appeals affirmed the denial of petitioner's post-conviction motion by the circuit court. *Kelley v. State*, 913 So.2d 379 (Miss. App. 2005) (Cause No.2003-CP-02172-COA).

In the instant Petition for Writ of Habeas Corpus, the petitioner raises the following grounds (set forth verbatim below):

-4-

**Ground One** -          Improper Indictment

**Ground Two** -          Ineffective Assistance of Counsel [17 claims]

**Ground Three** -       Due Process of Law [5 claims]

**Ground Four** -         Involuntary Guilty Plea

**Ground Five** -          Sentence Exceeds Maximum Authorized by Law

**Ground Six** -           Conviction Obtained by the Unconstitutional Failure of the
                          Prosecution to Disclose to the Defendant Evidence
                          Favorable to the Defendant

**Ground Seven** -       The Statute Under Which the Conviction and/or Sentence Was
                          Obtained Is Unconstitutional

**A Portion of Ground Three, Ground Six, and a Portion of Ground Seven:
Procedurally Barred by the State Appellate Court**

A portion of Ground Three[1], Ground Six[2] and a portion of Ground Seven[3] were held to be

procedurally barred from review in the state appellate court.  These claims are thus precluded

from review in federal court.

---

[1]In Ground Three, the petitioner raised five due process claims, three of which were barred from review by the court of appeals.  *Kelley*, 913. So. 2d at 383.  The three barred grounds asserted the following claims:  (1) the trial court erred in failing to conduct a pre-trial hearing on the admissibility of the DNA results; (2) one of the underlying felonies used to enhance the petitioner's sentence did not satisfy the requirements of Section 99-19-81; and (3) the trial court should have granted the petitioner a trial despite his guilty plea when the victim recanted her identification of him as the perpetrator.  *Id.*

[2]In Ground Six, the petitioner claims that the prosecutor failed to disclose favorable evidence to the defense.  Specifically, the petitioner alleges that the prosecutor failed to disclose the name of the initial suspect and the criminal record of one of the state's witnesses which he could have used for impeachment.

[3]In Ground Seven, the petitioner challenges the constitutionality of Mississippi statutes § 97-3-65 and § 99-19-81.  On appeal, the court found that a challenge to § 99-19-81 was barred. *Kelley*, 913 So. 2d at 383.  The court did not specifically address the constitutionality of § 97-3-65.

The appellate court barred the claims in a portion of Ground Three, Ground Six, and a portion of Ground Seven from appellate review under Mississippi Code Section 99-39-21(1)[4] and on the basis that the petitioner's valid guilty plea served to waive all non-jurisdictional defects in the proceeding below. *Kelley*, 913 So. 2d at 382-383. Each procedural rule applied by the state court constitutes an independent and adequate bar. To determine the adequacy of a state procedural bar, the federal court must examine "whether Mississippi has strictly or regularly applied [it]." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). A review of state court cases reveals the premise underlying one of the procedural bars imposed by the court – that a valid guilty plea serves as a waiver of all non-jurisdictional defects in the proceedings – is strictly and regularly applied.[5] The Fifth Circuit has also found Section 99-39-21(1) to be an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

---

[4]MISS. CODE ANN. § 99-39-21(1) provides as follows:

"Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

[5]For cases holding that a guilty plea waives all non-jurisdictional defects in the proceedings below, see *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990); *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991); *Banana v. State*, 635 So. 2d 851, 853-54 (Miss. 1994); *King v. State*, 738 So. 2d 240, 241 (Miss. 1999); *Matlock v. State*, 732 So. 2d 168, 170 (Miss. 1999); *Rowe v. State*, 735 So. 2d 399, 400 (Miss. 1999); *Taylor v. State*, 766 So. 2d 830, 835 (Miss. 2000); *Bishop v. State*, 812 So. 2d 934, 945 (Miss. 2002); *Gaddis v. State*, 904 So. 2d 1197, 1199 (Miss. App. 2004). *See also United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992)("It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below.") (citations omitted).

-6-

The petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* (citations omitted). The petitioner has not addressed this issue and has thus defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861. As the rules used to bar these claims in state court are both independent and adequate, the petitioner's claims in a portion of Ground Three, Ground Six, and a portion of Ground Seven are precluded from federal review in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The petitioner cannot overcome the bar to these claims because he has not alleged exceptional circumstances to warrant doing so. Federal courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice. *Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). Cause is "something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of objective factors which have been found to constitute cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). As discussed below, the petitioner's guilty plea was valid – one that he entered into knowingly and voluntarily. As such, the petitioner cannot show "cause" under the "cause and prejudice" test, and the court cannot review the merits of his claims. Without a showing of cause for the petitioner's default, it is unnecessary to consider whether there is actual prejudice.

*Martin,* 98 F.3d at 849 (5th Cir. 1996). As the petitioner has not alleged or submitted proof that he is actually innocent of the charges, the court cannot reach the merits of these claims under the "fundamental miscarriage of justice" exception to procedural bar. *Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)), *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). As such, the petitioner has defaulted his claim in a portion of Ground Three, Ground Six and a portion of Ground Seven of the instant petition, and this court cannot review them.

### Ground One, a Portion of Ground Three, and Ground Five: Issues of State Law Only

Ground One, a portion of Ground Three and Ground Five are issues purely of state law and, as such, were resolved by the Mississippi Court of Appeals on review of the trial court's denial of the petitioner's post-conviction application. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief since no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Ground One, the petitioner sets forth two claims for relief. First, he claims that the indictment improperly charged him as a habitual offender under MISS. CODE ANN. § 99-19-81 because he served an eighteen month sentence for one of the underlying felonies used to enhance his sentence in a Louisiana parish jail, rather than in a state or federal institution. Second, the petitioner argues that the portion of the indictment charging him as a second offender under section 97-3-65(2)(b) was flawed because he was under the age of twenty-one at the time he

committed the underlying felony of carnal knowledge of a juvenile.  On appeal, the state court

found these issues to be without merit, finding that there is no requirement under § 99-19-81 that

the age of the defendant when he committed the underlying felonies had to be twenty-one or

older, nor is there a requirement that the sentence for an underlying felony had to be served in a

particular venue.  *Kelley*, 913 So. 2d at 382; *see also Davis v. State*, 680 So. 2d 848, 850 (Miss.

1996) ("Defendant's time served in a county jail is equivalent to time served in a state

penitentiary under the habitual offender statute." (citations omitted)).  The state appellate court

was silent as to the requirements of 97-3-65(2)(b).  Indeed, the state court need not have

addressed this claim because the petitioner was sentenced, by virtue of the plea bargain, as a

habitual offender under § 99-19-81, not as a second offender under § 97-3-65(2)(b).  *See* C.P.,

pp. 151, 153.  As such, § 97-3-65(2)(b) had no application to the sentence imposed.  The

resolution of the claims in Ground One by the state court were based upon the appellate court's

interpretation of state law and, as such, do not warrant federal *habeas corpus* review.

In a portion of Ground Three, the petitioner argues that he was denied due process by the

trial court's failure to hold an evidentiary hearing to examine his cumulative claims of ineffective

assistance of counsel.  State post-conviction proceedings are governed by the Mississippi

Uniform Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-39-1, *et seq*.  Under state

law, the trial judge has discretion in allowing an evidentiary hearing and "[i]f it plainly appears

from the face of the motion, any annexed exhibits and the prior proceedings in the case that the

movant is not entitled to any relief, the judge may make an order for its dismissal and cause the

prisoner to be notified." MISS. CODE ANN. § 99-39-11(2) (Rev.2000).  Thus, under state law the

decision whether to conduct an evidentiary hearing lies in the sound discretion of the state trial

court. The petitioner's claims in Ground Three must be dismissed.

In Ground Five, the petitioner argues that his sentence of seventeen years without parole exceeded the maximum penalty permitted by law because the underlying conviction for carnal knowledge of a juvenile did not satisfy the requirements of Mississippi Code Section 99-19-81. He does not specify in Ground Five exactly what requirements the underlying felony failed to satisfy. It appears that the petitioner's claim regarding the failure of the "carnal knowledge" conviction to satisfy the habitual offender statute is the same as the one he asserted in Ground One, which the appellate court found to be without merit. A trial court's determination of the sentence is a matter governed by state statute and, as such, is not subject to *habeas corpus* review – unless the petitioner claims that the sentence is unconstitutionally harsh in light of the nature of the crime. The petitioner pled guilty to statutory rape – a crime carrying a maximum penalty of thirty years imprisonment for a first offense.[6] MISS. CODE ANN. § 97-3-65(2)(b). The petitioner also admitted his habitual offender status under Section 99-19-81, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

MISS. CODE ANN. § 99-19-81. The trial court, accepting the recommendation of the state, sentenced petitioner to seventeen years without the benefit of parole, ostensibly under Section

---

[6]The petitioner was indicted as a second offender under Section 97-3-65(2)(b) which carries a maximum penalty of forty years. The prosecutor, however, chose not to pursue a second offender sentence as part of the petitioner's plea bargain, and the court accepted the prosecutor's recommendation to sentence the petitioner as a habitual offender under MISS. CODE ANN. § Section 99-19-81.

99-19-81. That statute, however, requires imposition of the *maximum* term of imprisonment which, in this case, was thirty years. M*ISS.* C*ODE* A*NN.* § 97-3-65(2)(b). Indeed, if the state court committed any error in sentencing, that error benefitted the petitioner because he received thirteen years less than the sentence required under § 97-3-65(2)(b) and enhanced under § 99-19-81.

None of the claims raised in Ground One, a portion of Ground Three, and Ground Five rise to the level of a denial of a constitutional right. These claims are state law matters and thus not cognizable as grounds for *habeas corpus* relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). As such, the petitioner's claims in Ground One, a portion of Ground Three, and Ground Five must be dismissed.

### Grounds Reviewed on the Merits in State Court

The Mississippi Court of Appeals has already considered Ground Two, a portion of Ground Three, Ground Four, and a portion of Ground Seven on the merits and decided those issues against the petitioner. These claims are thus barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). The first exception, subsection (d)(1), applies to

questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Court of Appeals unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground Two, a portion of Ground Three, Ground Four and a portion of Ground Seven of petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the court of appeals applied the law were determined unreasonably in light of the evidence presented. Because the court of appeals is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As

-12-

discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection

(d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues

already decided on the merits.

In Ground One, the petitioner asserts the following *seventeen* claims of ineffective

assistance of counsel:

(1)     Counsel failed to research Kelley's case and inform him of possible due process bar to prosecution due to the state's sixteen month delay between learning of the allegations against Kelley and bring an indictment.

(2)     Counsel failed to conduct legal research and recognize that Kelley's previous conviction of carnal knowledge of a juvenile could not satisfy the requirements of Mississippi Code Section 99-19-81 in that the sentence imposed was served in the Louisiana Parish Jail instead of a state or federal penal institution.

(3)     Counsel failed to object to the admissibility of the victim's statements on the basis that the statements were involuntary and constituted inadmissible hearsay.

(4)     Counsel failed to make an effort to obtain a more favorable plea bargain.

(5)     Counsel failed to request documentary evidence concerning the analysis of the DNA sample which could have been used to cross-examine the state's expert as to his opinion regarding the probability that Kelley was the father of the victim's child.

(6)     Due to counsel's failure to investigate the "self-interest" of Reliagene, the company that performed the DNA analysis, it was impossible for counsel to thoroughly cross-examine the state's DNA expert as to his bias in the instant case.

(7)     Counsel failed to investigate the allegations against Kelley or interview witnesses which would have revealed that there had been no penetration between the victim and petitioner and that the victim's statement that she had sex with another boy was true.

(8)     Counsel failed to request a mental evaluation of victim to determine the victim's credibility and competency.

-13-

(9)     Counsel attempted to place the burden of proving insanity on petitioner.

(10)    Counsel failed to prepare a defense for Kelley as he did not meet with Kelley and inquire as to his version of the events surrounding the charge.

(11)    Counsel failed to be present when the DNA sample was taken from petitioner.

(12)    Counsel failed to object to the admissibility of the expert's testimony concerning the results of the DNA test.

(13)    Counsel failed to recognize the unlawfulness of Kelley's arrest and extradition and failed to file motions challenging the trial court's jurisdiction.

(14)    Counsel failed to investigate the allegations against Kelley and failed to interview witnesses.

(15)    Counsel failed to offer Kelley advice as to whether to accept or decline the state's plea offer.

(16)    Counsel had a conflict of interest because the son of the sheriff of the county where the crime occurred and where Kelley was incarcerated was employed by counsel's law firm.

(17)    Counsel failed to inform Kelley of the correct maximum sentence possible under Mississippi Code Section 99-19-81.

On appeal of the trial court's denial the petitioner's post-conviction application, the Mississippi Court of Appeals found that the claims did not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). *Kelly*, 913 So. 2d at 383-384. Unfortunately for the petitioner, by entering a plea of guilty, he waived his constitutional rights secured by the Fifth, Sixth, and Fourteenth Amendments,[7] as well as all non-jurisdictional defects in the proceedings against him. *Diaz*, 733 F.2d at 376. This includes claims of ineffective assistance of counsel except where the ineffectiveness rendered the guilty plea involuntary. *U.S. v. Glinsey*, 209 F.3d

---

[7]*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 3 L.Ed.2d 274 (1969).

386, 392 (5th Cir. 2000). Thus, ineffective assistance claims (3), (5), (6), (8), (9), (11), (12), and (16) are not viable claims of ineffective assistance of counsel as none of the claims would have rendered the plea involuntary.

The remaining ineffective assistance claims: (1), (2), (4), (7), (10), (13), (14), (15) and (17), allege that counsel's deficient performance rendered the petitioner's guilty plea involuntary. As such, the court shall discuss each claim in terms of the *Strickland* standard.

To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, "a petitioner must establish that 1) his attorney's representation fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *Thierot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994)(citations omitted). This same test also applies when a defendant alleges ineffective assistance of counsel in the context of a guilty plea. *Id*. (*citing Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. There is a strong presumption that counsel's performance fell within the range of reasonable professional assistance. *Strickland,* 466 U.S. at 668. To overcome this presumption, the defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the context of a guilty plea, prejudice occurs if there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *United States v.*

-15-

*Smith,* 844 F.2d 203, 209 (5th Cir. 1988). The petitioner must prove both prongs to prevail on his ineffective assistance claim. *Carter v. Johnson,* 131 F.3d 452, 463 (5th Cir. 1997), *cert denied,* 523 U.S. 1099, 118 S. Ct. 1567, 140 L.Ed.2d 801 (1998).

In claim (1), the petitioner argues that trial counsel was ineffective because he failed to discover and inform petitioner that there was a possible bar to the prosecution of petitioner's case due to the sixteen-month delay between the time that the state was aware of the allegations against the petitioner and the time that he was indicted and arrested. This claim is frivolous. A defendant in a criminal case has both a statutory and a constitutional right to a speedy trial. That speedy trial right does not attach, however, during the period of time between the recognition of the allegations against him and his subsequent indictment and arrest. The *statutory* right to a speedy trial attaches at the time of the arraignment. *See Forrest v. State*, 782 So. 2d 1260, 1269 (Miss. App. 2001). It is unclear from the record when the petitioner was arraigned, if at all. Nonetheless, the arraignment occurred, if at all, sometime between the indictment on March 13, 2002, and petitioner's guilty plea on August 22, 2002. *See* C.P., pp. 124, 132, 136-156. As only 162 days passed between the petitioner's indictment and the entry of his guilty plea, there can be no statutory violation of petitioner's right to a speedy trial. MISS. CODE ANN. § 99-17-1 ("Unless good cause be shown, . . . all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned."). Similarly, a constitutional right to a speedy trial attaches when the defendant is "formally charged with a crime or actually restrained in connection with that crime." *Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir. 1994) (citations and internal quotations omitted). Hence, the time between the allegations and the indictment are of no consequence in terms of a constitutional right to a speedy

-16-

trial.  Further, less than five months passed between petitioner's indictment and his guilty plea.

As such, the length of time was not of such duration as to be presumptively prejudicial thereby

bringing into play the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d

101 (1972).  *See  Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993)(in the Fifth Circuit, a one

year delay is routinely recognized as "presumptively prejudicial.")(citations omitted); *State v.

Woodall*, 801 S0.2d 678, 682 (Miss. 2001) (in Mississippi, the supreme court has generally held

that a delay of eight months or longer is "presumptively prejudicial.") (citations omitted).  Trial

counsel failed to inform the petitioner of the "possible bar" to prosecution simply because no

such bar existed.  Claim (1) is therefore frivolous and shall be dismissed.

 In claim (2), the petitioner argues that trial counsel failed to recognize that petitioner's

previous conviction of carnal knowledge of a juvenile could not satisfy the requirements of the

habitual offender statute, MISS. CODE ANN. § 99-19-81, in that petitioner served eighteen months

in a Louisiana parish jail, and not in a state or federal penal institution.  The appellate court found

that the venue where the petitioner served one of his prior felonies did not affect the application

of Mississippi's habitual offender statute.  *Kelley*, 913 So. 2d at 382; *see also Davis v. State*, 680

So. 2d 848, 850 (Miss. 1996)(citations omitted).  This claim is also frivolous.  As such, counsel

had no reason to "recognize" the allegation raised in Claim (2), much less object to the

application of Section 99-19-81, as any objection would have been meritless.  *See Clark v.

Collins*, 19 F.3d 959, 966 (5th Cir. 1994)("Failure to raise meritless objections is not ineffective

lawyering, it is the very opposite.").  There was no deficiency and, thus, no prejudice.  As such,

the petitioner's allegation in Claim (2) shall be dismissed as frivolous.

In Claim (4), the petitioner argues that counsel was ineffective because he failed to make an effort to get a more favorable plea. This claim is ludicrous in light of the fact that his attorney negotiated a sentence thirteen years less than the minimum sentence required under the law. The petitioner's habitual offender status mandated a thirty-year sentence (*See* Miss. Code Ann. § 97-3-65(2)(b), § 99-19-81), but for reasons unknown, the petitioner received only seventeen years. As such, the petitioner's allegations in Claim (4) shall be dismissed as frivolous.

In claims (7), (10) and (14), the petitioner alleges that counsel failed to investigate his case, interview witnesses, or prepare a defense. The petitioner claims that had counsel investigated and interviewed witnesses, he would have found the victim's initial statement in which she admitted that there had been no sexual penetration between petitioner and the victim, and that she (the victim) had been sexually involved with someone else.[8] First, the petitioner does not set forth what defenses counsel might have prepared. On appeal, the appellate court found that the petitioner could not defeat the trial counsel's summary dismissal of petitioner's allegation regarding counsel's failure to prepare a defense because the allegation had not been alleged with specificity. *Kelly*, 913 So. 2d at 384. Second, the court of appeals stated, in pertinent part, as follows:

> Even assuming such statement existed, there is no showing of deficient performance, because counsel explicitly stated when the plea was entered that he had engaged in discovery and reviewed the paternity testing, and it was his professional judgment that the State could get the case to the jury. Counsel's performance was well within the *Strickland* standard. This issue is without merit, and the circuit court did not err in summarily dismissing it.

---

[8]The petitioner does not, however, explain how the victim gave birth to his child in the absence of sexual penetration. The DNA evidence speaks more forcefully than the initial statements of the child victim.

*Id*. In regards to the duty of defense counsel to investigate, the *Strickland* Court stated:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91. "This duty to investigate and prepare is, however, far from limitless, and not every breach thereof will mean that counsel has failed to render reasonably effective assistance. '(C)ounsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers.'" *See Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981)(citation omitted).

In this case, the petitioner simply had no defense. Counsel stated on the record that he had engaged in discovery and reviewed the results of the paternity test. *See* C.P., p. 140. Trial counsel also indicated that he had met with the petitioner several times, had conducted DNA research, and was aware of the expected testimony of the victim (who was expected to testify that she and the petitioner had engaged in sexual intercourse). *Id*. Trial counsel investigated, prepared the petitioner's case, and concluded that the evidence against the petitioner was too strong to overcome. The petitioner had no defense – especially given the expected testimony of the victim and the test results revealing a 99.988 percent probability that the petitioner was the father of the victim's child.[9] Indeed, based upon the overwhelming evidence against him, the petitioner in this case was "hopelessly guilty." *Woodward v. State*, 635 So.2d 805 (Miss. 1993).

_____

[9]*See* C.P., p. 139-140.

The petitioner has demonstrated neither deficiency nor prejudice as to claims (7), (10) and (14).

In claim (13), the petitioner argues that counsel failed to recognize the unlawfulness of his extradition and arrest and thus did not file appropriate motions challenging the trial court's jurisdiction. On appeal, the court of appeals discussed the question of jurisdiction and the legality of the petitioner's extradition:

> Kelley contends that he was apprehended in Louisiana and returned to Mississippi without being properly extradited. As the circuit court found, it appears from the record that extradition did in fact take place, but regardless of the legality of Kelley's return to Yalobusha County, the circuit court had personal and subject matter jurisdiction of him at the time he entered his guilty plea. *See e.g.*, *Roberts v. State*, 186 Miss. 732, 191 So. 823, 823 (Miss. 1939). Therefore, whether or not he was properly extradited, the legality of his guilty plea cannot be attacked for lack of jurisdiction. This issue is without merit and the circuit court did not err in summarily dismissing it.

*Kelley*, 913 So. 2d at 382. In terms of ineffective assistance of counsel for failing to present defenses that the extradition was illegal, the appellate court stated, "[a]s discussed earlier in this opinion, there is no merit to the substantive basis of these issues going to the jurisdiction of the circuit court and the legality of the sentence." *Id.* at 383.

Under state law and federal the method of extradition does not deprive a court of jurisdiction. *Roberts,* 191 So. at 823 ("[T]he jurisdiction of the court in the county where the crime was committed is in no way impaired by the manner in which the accused was brought before it."); *Deas v. Payne*, 225 Miss. 168, 82 So. 2d 894, 172 (Miss. 1955); *U.S. v. Toro*, 840 F.2d 1221, 1235 (5th Cir. 1988). Therefore, counsel could not be deficient for failing to challenge jurisdiction because no basis for such a challenge existed. In addition, the petitioner provides no support for his allegation that the extradition was unlawful – and he fails to demonstrate any prejudice flowing from the extradition. Prior to entry of the guilty plea, counsel for the petitioner

-20-

negotiated a plea offer with the state and secured a sentence thirteen years shorter than that mandated by law. *See* C.P., p. 140. Any decision by counsel not to challenge the extradition makes sound strategic sense given the obvious guilt of the petitioner – and the favorable sentence counsel secured for his client. The petitioner has failed to satisfy the *Strickland* test as to Claim (13), which shall be denied.

In claim (15), the petitioner argues that defense counsel was ineffective because he failed to advise petitioner on whether to accept or decline the state's plea offer. The petitioner claims that instead of advising him regarding the plea offer, defense counsel simply sent petitioner a letter with the plea offer attached and inquired as to whether the petitioner wanted to accept the plea or proceed with a request for a mental examination. The record does not support this contention. During the plea hearing, defense counsel indicated that he was satisfied that the state could prove its case against petitioner and that counsel had discussed his belief with the petitioner. *See* C.P., pp. 140-141. The petitioner testified that his attorney had explained the plea offer to him, that the petitioner understood that he was not bound by the negotiated plea, and that he was satisfied with the assistance provided by counsel. *Id*. at 144-145. The petitioner then admitted his guilt to the crime charged – and admitted that he had two prior felony convictions which supported a conviction under the habitual offender statute. *Id*. at 145-146. Defense counsel was aware of the overwhelming evidence against his client, had spent a great deal of time negotiating the best plea possible given the evidence and the law, and advised petitioner to take the plea. The petitioner's claim that defense counsel failed to advise him regarding the plea offer is frivolous. The petitioner has demonstrated neither deficiency nor prejudice in Claim (15), which shall be dismissed.

In Claim (17), the petitioner argues that defense counsel did not inform him of the correct maximum sentence possible under MISS. CODE ANN. § 99-19-81. The Mississippi Court of Appeals found that this assertion was "plainly contradicted by Kelley's own statements that he was aware the maximum penalty was thirty years imprisonment . . . ." *Kelley*, 913 So. 2d at 384. The court's finding is supported by petitioner's statements at the plea hearing that he was aware of the maximum sentence. *See* C.P., p. 143. In addition, the petitioner signed a "Petition To Enter Plea Of Guilty," which was drafted by counsel and filed with the court. In it, the petitioner acknowledged his understanding that the maximum sentence was thirty years. *Id*. at 126-131. The petitioner thus fails to satisfy the two-pronged test of *Strickland* as to Claim (17), which shall be dismissed as frivolous.

For these reasons, the appellate court's resolution of whether advice of the petitioner's counsel voided the petitioner's guilty plea was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, this ground for relief shall be dismissed.

In a portion of Ground Three, the petitioner argues that he was denied his right to due process on the basis that the trial court assumed jurisdiction over the petitioner following an unauthorized extraterritorial arrest. As discussed previously, the trial court had jurisdiction over the petitioner at the time he entered his guilty plea. Under both state law and federal law, the manner in which a defendant is brought before a court has no impact on whether the court has jurisdiction of that defendant. *See Roberts,* 191 So. at 823 ("[T]he jurisdiction of the court in the county where the crime was committed is in no way impaired by the manner in which the accused was brought before it."); *Deas v. Payne*, 225 Miss. 168, 82 So. 2d 894, 172 (Miss.

-22-

1955); *U.S. v. Toro*, 840 F.2d 1221, 1235 (5th Cir. 1988)("The well-established law of this circuit holds that 'a defendant in a federal criminal trial whether citizen or alien, whether arrested within or beyond the territory of the United States may not successfully challenge the District Court's jurisdiction over his person on the grounds that his presence before the Court was unlawfully secured,'" (citations omitted)); *see also Collins v. O'Connor*, 431 F.2d 427, 428 (5th Cir. 1970). Therefore, the appellate court's resolution of this issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Hence, this ground for relief shall be dismissed as frivolous.

In Ground Four, the petitioner argues that his guilty plea was not knowing and voluntary. "[A] guilty plea must be both knowing and voluntary." *See Parke v. Raley*, 506 U.S. 20, 28, 113 S.Ct. 517, 523 (1992)(citations omitted). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id*; *see also Brady v. United States*, 397 U.S. 742, 747, 90 S.Ct. 1463, 1469 (1970)("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

In the instant case, the petitioner entered his guilty plea knowingly and voluntarily. *See* C.P., pp. 136-156. During the guilty plea hearing, the trial court went to great lengths to determine whether the petitioner's plea was knowing and voluntary. *Id*. In response to questions by the judge, the petitioner indicated that he was not impaired by alcohol, drugs, or mental illness, and that he understood the nature of the proceedings. *Id*. at 137-138. He stated that he

-23-

could read and write and that his attorney had explained the guilty plea petition with him. *Id.* The court reviewed the rights to which petitioner would be entitled if he chose not to plead guilty – and ascertained that petitioner understood that he would be forfeiting those rights – including a right to appeal if he proceeded with the guilty plea. *Id.* at 142. The petitioner further testified that he had not been threatened, nor had he been promised anything by the court or his attorney; that he understood the maximum sentence; that he understood the plea recommendation being presented by the state; and that he understood that the court was not bound by the recommendation. *Id.* at 143-145. The petitioner then admitted his guilt to the crime charged and offered an apology to the family of his victim. *Id.* at 146-151. The court accepted the petitioner's guilty plea. No evidence in the record that supports the petitioner's contention that his guilty plea was not voluntary. As such, the state appellate court's resolution of this issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. This ground for relief shall be dismissed as frivolous.

In a portion of Ground Seven, Kelley argues that the statute under which he was charged (Miss. Code Ann. §97-3-65) is unconstitutional. Miss. Code Ann. § 97-3-65 provides, in pertinent part as follows:

(1) The crime of statutory rape is committed when:

(a) Any person seventeen (17) years of age or older has sexual intercourse with a child who:

(I) Is at least fourteen (14) but under sixteen (16) years of age;

(ii) Is thirty-six (36) or more months younger than

-24-

the person; and

(iii) Is not the person's spouse; or

(b) A person of any age has sexual intercourse with a child who:

(I) Is under the age of fourteen (14) years;

(ii) Is twenty-four (24) or more months younger than the person; and

(iii) Is not the person's spouse.

(c) Neither the victim's consent nor the victim's lack of chastity is a defense to a charge of statutory rape.

The petitioner contends that the statute violates due process in that the "Legislature has barred any & all possible defenses to a charge of Statutory Rape, such as consent & the prior unchaste character of the victim." *See* Petition p. 12. The petitioner also argues that "[t]he statute further violates due process where the Legislature doesn't require the trial judge to provide leniency for a defendant convicted of the offense of Statutory Rape where the defendant establishes by competent evidence that the offense was initiated by the victim, which would make the defendant less culpable than forcefully committing the offense." *Id.*

The petitioner offers no legitimate argument regarding the constitutionality of the statute. "The challenge of a statute on the grounds of unconstitutionality is not sustainable unless the case is so clear as to be free from doubt." *Moor v. Texas & N.O.R. Co.*, 75 F.2d 386, 387 (5th Cir. 1935). The instant case certainly does not meet the standard in *Moor*. Further, as a matter of horn book law, state statutes are presumed constitutional. *Alabama State Federation of Teachers, AFL-CIO v. James*, 656 F.2d 193, 195 (5th Cir. 1981). The petitioner has not overcome the presumption that MISS. CODE ANN. § 97-3-65 is constitutional. As such, the

-25-

appellate court did not unreasonably applied clearly established federal law as determined by the Supreme Court of the United States in affirming petitioner's conviction. This argument is wholly without merit and shall be dismissed as frivolous.

In sum, all of the petitioner's grounds for relief are without merit, and the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of March, 2007.

 /s/ Glen H. Davidson
CHIEF JUDGE